IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50612
_____


DONALD RAY WHITE,

                              Plaintiff-Appellee,

          v.

          ARMANDO BALDERAMA,

                              Defendant-Appellant.

_____

          Appeal from the United States District Court
              for the Western District of Texas
_____
                       November 30, 1998
Before KING, SMITH, and PARKER, Circuit Judges.

PER CURIAM:

     Defendant-appellant Armando Balderama appealed the district court's order denying his motion for summary judgment on the basis of qualified immunity as to plaintiff-appellee Donald Ray White's claim under 42 U.S.C. § 1983.  We remanded with instructions that the district court set forth the factual scenario that it assumed in construing the summary judgment evidence in the light most favorable to plaintiff-appellee Donald Ray White.  See White v. Balderama, 153 F.3d 237, 238 (5th Cir. 1998).  The district court has now done so.  See White v. Balderama, No. A 96-CA-499 SS (No. 97-50612) (W.D. Tex. Sept. 8,

1998) (supplemental order). In light of its new order, we dismiss Armando Balderama's appeal for lack of jurisdiction.

In White, we found that to the extent that Balderama's arguments on appeal depend upon portions of his statement of facts that differ from the facts the district court assumed, we would lack jurisdiction to consider them because they would involve challenges to the sufficiency of the evidence to establish the facts assumed by the district court. See 153 F.3d at 242. To the extent that Balderama's arguments on appeal do not hinge upon such differences, however, we would possess jurisdiction to review them because they would constitute a claim that all of the conduct which the District Court deemed sufficiently supported for purposes of summary judgment was objectively reasonable. See id. The district court's supplemental order reveals that it found that genuine factual issues remained as to which of the three bullets fired by Balderama actually struck and injured White, what direction White's car was heading in when he failed to observe Balderama's order to stop, and whether Balderama acted reasonably in continuing to shoot at White's vehicle after the first shot. Balderama asserts, however, that "[i]t is an indisputed historical fact that the first shot, fired while the vehicle was approaching Officer Balderama at a sixty (60) degree angle, entered the driver's side door and struck plaintiff in the right thigh." Based on this statement, Balderama argues on appeal that

2

this initial shot was "beyond reproach," an action for which he is "demonstrably entitled to immunity," and that the second and third shots are irrelevant to the legal issue of objective reasonableness because they did not injure White.  He does not contend that his actions would have been objectively reasonable no matter which bullet struck White.  His argument thus hinges on portions of his statement of facts that differ from the facts assumed by the district court.  Balderama's appeal is therefore effectively a challenge to the genuineness of the factual issues, and we lack jurisdiction to consider it.  See id. at 240.  Accordingly, we therefore DISMISS Balderama's appeal for lack of jurisdiction.